IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMERIFACTORS FINANCIAL GROUP LLC                    PLAINTIFF

v.                          No. 4:12-cv-202-DPM

WINDSTREAM SUPPLY LLC                               DEFENDANT

ORDER

The question at the moment is whether the Oklahoma default judgment Windstream got against Hal-Tec precludes Amerifactors's current breach of contract claim against Windstream.

1.  Amerifactors is Hal-Tec's assignee twice removed.  Hal-Tec and Windstream made a contract, agreeing that Hal-Tec would provide network services on Windstream construction projects.  Hal-Tec assigned its rights in approximately $380,000.00 of receivables from Windstream to Amerifactors's predecessor in interest.  Then, in connection with a project in Oklahoma, Hal-Tec did not pay some subcontractors.  They sued Hal-Tec and Windstream.  After Hal-Tec declined to defend and indemnify, Windstream cross-claimed against Hal-Tec.  No answer or a responding cross-claim was filed by Hal-Tec.  The Oklahoma trial court entered a final judgment by default for Windstream.

The judgment's text is reproduced in the margin.* The judgment adjudicated

Windstream's cross-claim for set-off based on all amounts it ended up paying

subcontractors.  It did not adjudicate Windstream's more general cross-claim

for breach of contract, which was dismissed without prejudice.   Hal-Tec later

---

\* The Court, having reviewed the cross claim, summons, return of service and court file, finds that:

1. Hal-Tec Construction, Inc. ("Hal-Tec") was validly served with the cross claim and summons on November 4, 2009.

2. Hal-Tec failed to enter an appearance, file an answer or otherwise plead and its time for doing so has expired.

3. Hal-Tec is in default and has thus admitted the substantive allegations of the cross claim.

4. By way of this Final Default Judgment, Windstream dismisses without prejudice the claims set forth against Hal-Tec in Count I of the cross claim.

5. The Court being fully advised finds that the allegations of Windstream Supply LLC's ("Windstream") cross claim are deemed true as therein set forth and that Windstream is entitled to judgment as set forth below.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that (a) Hal-Tec is unable or unwilling to pay its subcontractors, (b) Windstream may set off any amounts paid by Windstream to subcontractors of Hal-Tec from amounts owed to Hal-Tec by Windstream under the Master Contractor Agreement, and (c) Windstream may set off any amounts paid by Windstream to subcontractors of Hal-Tec's use of subcontractors from amounts owed to Hal-Tec under the Master Contractor Agreement.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Windstream have and recover judgment from Hal-Tec for its reasonable attorney fees incurred herein in the amoun of $2,000 and its reasonable costs incurred herein in the amount of $297.50.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, despite the fact that other parties and claims remain pending, there is no just reason for delay and that the Court's entry of Default Judgment on the Cross Claim on behalf of Windstream and against Hal-Tec is a final judgment.

tried to get the judgment set aside for lack of subject matter jurisdiction. That effort failed. No one appealed anything. Hal-Tec eventually assigned another approximately $156,000.00 in Windstream receivables, and all its rights in the Hal-Tec/Windstream contract, to Amerifactors's predecessor.

2. This case is Amerifactors's suit against Windstream for breach of the Hal-Tec/Windstream master contract for network services. Amerifactors seeks summary judgment on Windstream's defense that, as a matter of claim preclusion, the Oklahoma judgment bars Amerifactors's breach claim. Windstream, for its part, seeks summary judgment by cross-motion that its Oklahoma judgment is *res judicata* — a nuclear preclusion defense in this case. The parties' helpful statements, and supporting materials (especially the entire certified record in the Oklahoma case), show that the material facts are undisputed. Oklahoma law governs the preclusive effect of Windstream's Oklahoma judgment against Hal-Tec. *Hintz v. JP Morgan Chase Bank, N.A.,* 686 F.3d 505, 509 (8th Cir. 2012).

3. The Oklahoma judgment is good as far as it goes but no further. The Oklahoma courts would give it preclusive effect on the issue actually litigated — Windstream's right to set off payments made to subcontractors for

Hal-Tec's benefit, but not on the general breach claim that Amerifactors now asserts in Hal-Tec's stead.

First, cross-claims are not compulsory, either in Oklahoma or in general. The governing statute says that they "may" be made. 12 O.P.C. § 2013(G). The statute's commentary explains. "Cross-claims are permissive rather than compulsory and are not barred if not asserted in a previous action." Committee Comment to Section 2013. The Supreme Court of Oklahoma has been clear about this. "The Legislature's use of the term 'may' indicates that the decision to assert a cross-claim is permissive in nature. Failure to assert such a claim will not bar a subsequent suit even if the claim arose out of the transaction or occurrence that is the subject of the original action." *Roach v. Atlas Life Ins. Co.*, 769 P.2d 158, 163 (Okla. 1989). Change the name and claim discussed in the *Roach* case and this precedent answers the question presented here. "Although [Hal-Tec] might have asserted [breach of contract] through the use of the cross-claim statute, failure to assert the right did not bar a subsequent action for [breach of contract]." *Ibid*. This holding accords with the settled understanding about cross-claims and preclusion. *E.g.*, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1431 at pp. 275-76.

Second, the answer is the same as a matter of Oklahoma preclusion doctrine. *Res judicata* in its claim precluding aspect, as Windstream argues, covers issues that were raised or could have been raised between the parties (or their privies) and that were reduced to final judgment. *Sill v. Hydrohoist International*, 262 P.3d 377, 381-82 (Okla. Civ. App. 2011). But Windstream's judgment does not end this case because Oklahoma narrowly interprets to the could-have-been-raised aspect of the doctrine.

> The general expression in reported cases, that the former judgment is conclusive of every matter which the parties might have litigated in the case, is misleading. What is meant by this expression is that a judgment is conclusive upon the issues as there disclosed by the pleadings, instructions of the court, the verdict or findings and the scope and meaning of the judgment is often determined by the pleadings or findings. So far as those issues are concerned, they are not subject to review in another litigation.

*Wilson v. Vance*, 240 P.2d 108, 110-11 (Okla. 1952). Current doctrine in Oklahoma remains the same. *E.g., Dorchestor Hugoton v. Dorchester Master, LLC,* 925 P.2d 1213, 1220-21 (Okla. Civ. App. 1996) (citing *Wilson* with approval).

**3.** The Oklahoma Court had subject matter jurisdiction. It rejected Hal-Tec's belated attack on the judgment on this ground. Hal-Tec had notice of

Windstream's cross-claim.  But it waived the parties' selection of a Pulaski County, Arkansas court in their master contract by not appearing to defend the cross-claim and disputing the forum.  Just as parties can pick a forum by agreement, so long as their choice is consistent both with the chosen court's power and concerns of fairness and reasonableness, parties can later waive their choice by word or by deed.  At bottom, forum selection and waiver are primarily matters of choice.  *See generally Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 603-08, 210 S.W.3d 101, 106-09 (2005) (forum selection); *Adams v. Nationsbank*, 74 Ark. App. 384, 390, 49 S.W. 3d 164, 168 (2001) (waiver).  No *in rem* issue was presented.  No contention is made that the Oklahoma court was acting beyond its power in the Oklahoma-based litigation; it was not.  *Independent School District 1 of Oklahoma County v. Scott*, 15 P.3d 1244, 1248 (Okla. Civ. App. 2000).  Windstream's judgment is a final judgment on the merits entitled to preclusive effect.  "A judgment by default, based upon personal service of summons on one of the defendants, is as conclusive against such defendant, upon every matter admitted by the default, as any other final judgment."  *Rhodabarger v. Childs*, 250 P. 489, 490 (Okla. 1926).

Hal-Tec's failure to respond with a cross-claim against Windstream for breach of contract does not preclude Amerifactors from pressing that claim now as Hal-Tec's downstream assignee. The Oklahoma judgment precludes Amerifactors only from relitigating the thing decided: Windstream is entitled to set off amounts paid to Hal-Tec subcontractors. Unless that amount exceeds the approximately $156,000.00 in receivables Hal-Tec assigned post-judgment, no real dispute exists on the privity issue.

\*     \*     \*

Amerifactors's motion for summary judgment, № 41, is granted in part and denied in part. Windstream's cross motion, № 46, is likewise granted in part and denied in part. Windstream's passing contract-ambiguity argument is too thinly developed and supported for resolution now; both motions are denied without prejudice on that point. Windstream prevails on the matter actually decided between Hal-Tec and Windstream by the Oklahoma judgment but not against Amerifactors's whole case.

So Ordered.

D.P. Marshall Jr.
United States District Judge

29 August 2013