## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**AMERIFACTORS FINANCIAL GROUP, LLC**          **PLAINTIFF**

**v.**                          **No. 4:12-cv-202-DPM**

**WINDSTREAM SUPPLY, LLC**                          **DEFENDANT/**
**THIRD PARTY PLAINTIFF**

**v.**

**HAL-TEC CONSTRUCTION, INC.**          **THIRD PARTY DEFENDANT**

### ORDER

Even though it will result in asymmetry in the judgment, the Court has concluded that Windstream is entitled to some attorney's fees and costs. Hal-Tec's general indemnity obligation, *№ 60-1 at ¶ 30(a)*, is broad enough to cover these matters based on Hal-Tec's default and the parties' definition of losses. They include "all losses, liabilities, damages, and claims, and all related costs and expenses (including reasonable legal fees and disbursements and costs of investigation, litigation, settlement, judgment, interest, and penalties)." *№ 60-1 at p. 1* (Definitions); *see also U.S. Fidelity & Guaranty Co. v. Love*, 260 Ark. 374, 376, 538 S.W.2d 558, 559 (1976).

The $2,612.41 in costs requested are fine, even though they cover more

than Rule of Civil Procedure 54(d) costs.   They're reasonable, and the contract's loss category is expansive.

The full $93,680.00 in fees requested may or may not be recoverable. The contract embraces *reasonable* legal fees. № 60-1 at p. 1 (Definitions). Without details about tasks, hourly rates, and time, the Court can't evaluate the reasonableness of Windstream's request. *See generally*, *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718–19 (1990).   While the Court wants, as it said at the recent hearing, to get judgment entered, it would be unfair to reject Windstream's fee request summarily for lack of supporting information.   A supplement is needed.   Windstream may file it under seal to protect the privilege and work product.   Supplement due by 17 June 2015.

So Ordered.

D.P. Marshall Jr.
United States District Judge

10 June 2015